Filed 6/21/13  In re A.A. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re A.A. et al., Persons Coming Under the Juvenile Court Law. | |
| MERCED COUNTY HUMAN SERVICES AGENCY,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>K.C.,<br><br>Defendant and Appellant. | F066804<br><br>(Super. Ct. No. JP000393)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from orders of the Superior Court of Merced County.  Brian L. McCabe, Judge.

Amy Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Poochigian, Acting P.J., Detjen, J. and Peña, J.

K.C. (mother) appealed from a January 29, 2013 order terminating her parental rights (Welf. & Inst. Code, § 366.26) to her three children.[1]  After reviewing the entire record, mother's court-appointed appellate counsel informed this court that she found no arguable issues to raise in this appeal.  Counsel requested and this court granted leave for mother to personally file a letter setting forth a good cause showing that an arguable issue of reversible error does exist.  (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844.)

Mother has filed a letter in which she challenges a case plan and status review report from July 2012.  Otherwise, she acknowledges her prior mistakes and professes her love for her children.  She concludes by asking us to be lenient and give her another chance.

On review, we conclude mother's letter does not amount to a good cause showing that an arguable issue of reversible error does exist.

## DISCUSSION

An appealed-from judgment or order is presumed correct.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  It is the appellant's burden to raise claims of reversible error or other defect and present argument and authority on each point made.  If an appellant fails to do so, the appeal should be dismissed.  (*In re Sade C.* (1996) 13 Cal.4th 952, 994 (*Sade C.*).)

Mother does not raise any claim of error or other defect against the termination order from which she appeals.  Thus, we have no reason to reverse or even modify the orders in question.  (*Sade C.*, *supra*, 13 Cal.4th at p. 994.)

Instead, mother challenges a case plan and status review report.  The case plan and report were submitted to the juvenile court at a July 2012 12-month review hearing, which mother did not attend.  At the hearing's conclusion, the juvenile court made the necessary findings to terminate reunification services and set the section 366.26

---

**1**      All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

permanency planning hearing, which it ultimately conducted in January 2013.  On this appeal, mother is not entitled to raise issues regarding the July 2012 hearing at which the juvenile court set the section 366.26 hearing, unless she first sought writ review from this court.  (§ 366.26, subd. (*l*).)  Because mother did not pursue writ review of the setting order, she has forfeited her argument in this appeal.  (*Ibid.*)

Once the court terminated mother's reunification services, the focus shifted to the needs of the children for permanency and stability.  (*In re Marilyn H.* (1993) 5 Cal.4th 295, 309.)  At the termination hearing, the court's proper focus was on the children to determine whether it was likely the children would be adopted and if so, to order termination of parental rights.

Because mother has not made a good cause showing that an arguable issue of reversible error occurred at the termination hearing, we will dismiss her appeal.  (*Sade C., supra,* 13 Cal.4th at p. 994.)


## DISPOSITION

This appeal is dismissed.